FANNIE STEPHENSON et al., Appellants, v. C. B. AUSTIN.

Division Two, March 9, 1909.

1. ADMISSION: Motion to Strike Out: On Appeal. A motion made in the Supreme Court by appellants to compel the trial judge to strike from the record of the case an admission made by appellants upon the trial that their father died seized of the land in controversy, upon the ground that such admission was made by mistake, will be overruled, where the certified record shows the admission was made.

2. TITLE: Thirty-Year Statute: Life Estate. Where there was a solemn admission at the trial by plaintiffs that their father died seized of the land, but no showing is made of the date of his death, and defendants show that they have been in actual adverse possession for more than ten years under color of title and that for more than thirty years neither plaintiffs nor their ancestors had paid any taxes on the land, the decree should be for defendants, notwithstanding plaintiffs introduce a deed showing that their father deeded the land to a daughter for and during her life, and that she died within ten years, for the admission removes from the case any consideration of this lifetime estate.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,*
Judge.

AFFIRMED.

S. A. *Davis* for appellants.

The Statute of Limitations will not commence to run against remaindermen until intermediate estate is terminated; in this case, the intermediate estate was not defeated until the death of Mary Ann Durbin. Thomas v. Black, 113 Mo. 66. The possession of this land by C. B. Austin and his grantors for a period of more than ten years does not bar the right of the heirs of William Young, and the Statute of Limitations will not begin to run as against them prior to the death of Mary Ann Durbin. Sutton v. Casseleggi, 77 Mo. 397; Jones v. Manly, 58 Mo. 559; Brown v. Moore, 74 Mo. 633; State v. Moore, 61 Mo. 280. Defendant's claim to title by reason of the fact that he and his grantors have been in the possession and paid the taxes on the land for a period of thirty consecutive years just prior to the death of Mary Ann Durbin, is without merit. A tenant for life is bound to keep up the repairs and pay the annual taxes, even though he holds under a deed which purports to convey the fee. Bone v. Tyrrell, 113 Mo. 175. The creation of a future estate of freehold or of inheritance may be made by deed in like manner as by will. Sec. 4596, R. S. 1899.

F. M. *Mansfield* and W. S. *Pope* for respondent.

Defendant was in possession of the land in controversy and claimed title to it. He and his grantors had been in possession thereof more than thirty years, and neither plaintiffs nor anyone under whom they claim had been in possession or paid taxes within thirty years. The evidence shows that defendant and those under whom he claims had been in possession for thirty

or thirty-five years. From the abstract of title put in evidence by plaintiffs and their petition in a former suit introduced by defendant, it appears that the land was sold to pay the debts of William Young to W. S. Pope and F. M. Mansfield, May 17, 1872, and that defendant holds title by *mesne* conveyances from them. Appellants have not complied with requirements of this court in any respect, and there is nothing before it that entitles them to a review of what occurred at the trial. If, however, the court should consider the case, there is enough in the bill of exceptions to sustain the judgment and decree entered.

FOX, J.—This cause is now pending in this court upon appeal on the part of the plaintiffs from a judgment of the circuit court of Wright county, Missouri, in favor of the defendant.

This is a proceeding under the provisions of section 650. The suit was brought at the March term, 1905, of the circuit court of Wright county. The petition upon which the cause was tried was an amended petition, and it is alleged that the plaintiffs were the heirs at law of William Young, and as such heirs were the owners in fee simple of the southwest quarter of the northwest quarter of section 17, township 30, range 13, containing forty acres, situate in Wright county, Missouri. It is also alleged that the defendant, C. B. Austin, claims an estate, title and interest adverse to the plaintiffs, in and to the aforesaid land, and that said Austin is now in possession and is enjoying the rents and profits of said land. Plaintiffs finally pray the court to ascertain and determine the estate, title and interests of the parties, both plaintiffs and defendants, respectively, in and to the land described in the petition.

The answer of the defendant denies each and every allegation contained in the petition, except that the defendant admits that he is in possession of the

land described in plaintiffs' petition under absolute claim of ownership. The answer further alleges that the defendant and his grantors have been in the open, adverse and continuous possession of said land for -more than ten years prior to the commencement of the suit, and that plaintiffs' action was at the commencement of said suit barred by the ten-year Statute of Limitations. It is further alleged in the answer that the title to the land described in plaintiffs'. petition emanated from the General Government more than forty years before the commencement of this action, and that this defendant and his grantors have been in the open, notorious, adverse and continuous possession of said land more than thirty consecutive years prior to the commencement of this action; that neither of the plaintiffs nor anyone for them nor anyone under whom they claim have been in possession of said land or paid any taxes thereon for more than thirty consecutive years. It is averred upon this state of facts that all right, title and claim plaintiffs might have had in said land is barred by the thirty-year Statute of Limitations, which defendant pleads as an absolute bar to this action.

Upon the trial it was admitted by the parties to this suit that William Young was the common source of title, and that he died seized of the property in controversy. Plaintiffs then offered testimony tending to show that the plaintiffs were the heirs of William Young. Plaintiffs then offered in evidence a quitclaim deed to the land in controversy from William Young to Mary Ann Durbin. The *habendum* clause of said deed recites that Mary Ann Durbin was to have and hold the right, title, interest and estate hereby conveyed unto said Mary Ann Durbin and to her own use and benefit during the time she may be a widow, and at her death the above-described land to revert back to the heirs of William Young. This deed was executed on the 7th day of March, 1869, and acknowledged on

the 7th day of October, 1869. The testimony further
tended to show that Mary Ann Durbin died on the 24th
day of October, 1900, in Jonesboro, Arkansas. The
record fails to disclose when William Young died.

The defendant introduced first the original petition
as filed by the plaintiff. This original petition de-
scribed the land in controversy and then alleged that
the plaintiffs were lawfully entitled to the possession
in fee simple of all the real estate and lands owned
by William Young at the time of his death. It was
also alleged in said original petition that said plaintiffs
were lawfully entitled to their respective interests in
fee simple in and to the real estate now in controversy
by reason of the fact that said land and the title there-
to was vested in William Young in fee simple prior
to and at the time of the death of him, the said William
Young. The abstract of title to the land in dispute was
also introduced in evidence by the defendant, which
showed that William Young obtained this property by
deed from Samuel Thompson, dated the 17th of Octo-
ber, 1866. The next in order is William Young to
Mary Ann Durbin, which has been heretofore referred
to in the statement. Then follows a deed from Mary
Ann Durbin to W. S. Pope and F. M. Mansfield, quit-
claim deed, dated the 17th of August, 1874.
Then follows a deed by John H. H. Mott,
administrator of William Young, deceased to
W. S. Pope and F. M. Mansfield; the date
of this instrument is May 17, 1872. The next
is a deed from W. S. Pope and F. M. Mansfield to
Andrew J. Gordon, warranty deed, dated the 5th of
September, 1876. Then a deed from A. J. Gordon to
F. A. Furguson, quitclaim deed, and a quitclaim deed
from F. A. Furguson to J. H. Robinett. Then follows
a warranty deed from J. H. Robinett to the present
defendant, C. B. Austin.

There was other testimony introduced by the de-
fendant tending to show that he and his grantors had

been in the open, continuous and adverse possession of the land in controversy for over thirty years, and that plaintiffs or anyone through whom they claim had never been in possession for more than thirty years and had never paid any taxes upon said land.

The record in this cause is by no means to be commended. In fact it is very doubtful whether it complies with the rules of this court. It seems that after the plaintiffs introduced their evidence defendant then filed an amended answer. The bill of exceptions does not show at the time of the filing of such answer any objections to it being filed or any motion to strike out. It simply shows the filing of the amended answer and what the answer contains. Then followed the reply of the plaintiffs. The bill of exceptions does disclose that after all the testimony was introduced and plaintiffs and defendant both rested there was an objection to the filing of the answer. The objection seems to be predicated upon the idea that this answer was filed after all the evidence in the trial of the case had been introduced, but it is a matter of impossibility to determine from the record itself at what particular time the answer was filed. According to the bill of exceptions the plaintiffs introduced their evidence; then follows the answer of the defendant and the reply of the plaintiffs. Then follows the testimony as introduced by the defendant and the testimony in rebuttal by the plaintiffs. At the close of all the testimony the plaintiffs by their counsel make the objection to the filing of the answer as heretofore indicated.

This sufficiently indicates the nature and character of this suit, at least it indicates it as near as we are able to from this confused record. At the close of all the evidence the cause was submitted to the court and the finding of the court was in favor of the defendant, followed with a decree and judgment vesting the title in him. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. From

the judgment and decree rendered in this cause the
plaintiffs prosecute this appeal.

## OPINION.

The record before us discloses that after this
court obtained jurisdiction of this cause the appellants
filed a motion to compel the trial judge to strike from
the record the admission made upon the trial that
William Young died seized of the property in contro-
versy. This motion was promptly and properly over-
ruled by this court; hence it follows that we are con-
fronted in the record now before us with the admission
upon the trial of this cause that William Young was the
common source of title and died seized of the land
involved in this controversy. This record was made in
the trial court by plaintiffs and upon this record this
cause must stand or fall. Appellants insist that it was
made through mistake; in fact, that it was not made
at all; however, the record as certified to this court
shows that that admission was made, and we see no
escape from the full consideration of it. Confronted by
this solemn admission in the record there can be but
one conclusion reached, and that is that the judgment
and decree of the trial court was fully supported.
With the admission that William Young died seized of
the land in controversy, together with the testimony
tending to show a conveyance to defendant's grantors
and the possession by the defendant and his grantors
for a period of thirty years or more, the plaintiffs upon
that state of facts were clearly not entitled to have
adjudged to them any interest in said land. The
record fails to disclose when William Young died, and
it can serve no good purpose to discuss the force and
effect of the deed that he executed to Mrs. Durbin,
for the admission to which we have directed attention
covers the entire case and is fatal to any recovery
upon the part of the plaintiffs. Should we even hold

that the deed created either a vested or contingent remainder in the heirs of William Young, the record is silent as to when William Young died, and then in its last analysis we would be confronted with the admission in the record that William Young at the date of his death was seized of the land in controversy.

We see no necessity for further ·discussion of this subject. There seems to be no way to escape the conclusion upon the record now before us that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.